UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JORGE MEJIA-DELGADO,
  *Defendant-Appellant.*

No. 01-4938

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-73)

Submitted: July 18, 2002

Decided: July 30, 2002

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jorge Mejia-Delgado is a citizen of Honduras. In 1985, he illegally entered the United States. During the course of the next few years, Mejia-Delgado was convicted of several crimes including attempted theft by deception. He was deported to Mexico, and illegally reentered the United States in 1997. Mejia-Delgado was subsequently arrested in Durham, North Carolina. A confidential informant gave Durham police authorities a tip that Mejia-Delgado possessed stolen checks that he negotiated to businesses in the area under a false identity. After receiving independent corroboration of both the informant's tip and the fact that Mejia-Delgado was using the same alias and false identification number as that identified by the informant, a magistrate signed a search warrant for Mejia-Delgado's apartment.

Police immediately executed the search warrant and confiscated 42 bags of cocaine, $77.00 in U.S. currency, and a .38 caliber revolver. Mejia-Delgado was arrested for possession of illegal substances. Subsequently, Mejia-Delgado was charged in a federal indictment with one count of unlawful reentry after deportation subsequent to a conviction for commission of a felony (attempted theft by deception) in violation of 8 U.S.C. § 1326(a), (b)(2) (1994). The district court denied Mejia-Delgado's motion to suppress the evidence discovered at his apartment including the subsequent discovery of his unlawful presence within the United States. The district court denied the suppression motion and Mejia-Delgado appeals. Mejia-Delgado's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues presented in this appeal, but raising questions as to whether the district court properly denied Mejia-Delgado's motion to suppress and whether the district court should have applied Amendment 632 to the *U.S. Sentencing Guidelines Manual* in determining Mejia-Delgado's sentence. Mejia-Delgado was informed of his right to file a supplemental brief on his own behalf and has elected not to do so.

We review the district court's factual findings for clear error, whereas we decide whether those facts warrant suppression of evidence under a de novo standard of review. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). We find the record clearly supports the district court's denial of the motion to suppress. The court properly held that corroborating evidence supported the confidential informant's tip and provided probable cause for the magistrate to issue the search warrant. *See Alabama v. White*, 496 U.S. 325, 329 (1990); *Illinois v. Gates*, 462 U.S. 213, 233 (1983); *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990). Moreover, regardless of the legality of the search warrant, the discovery of Mejia-Delgado's identity and presence in the United States was not suppressible as the fruit of an unlawful arrest. *See Immigration & Naturalization Serv. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).

Mejia-Delgado also claims the district court should have granted his motion for a downward departure at sentencing because favorable amendments to the guideline under which he was sentenced, *U.S. Sentencing Guidelines Manual* § 2L1.2 (2000), were set to take effect only two days after his sentencing. Because the district court recognized its authority to depart but declined to do so, its decision on this matter is unreviewable on appeal. *See United States v. Matthews*, 209 F.3d 338, 352-53 (4th Cir.), *cert. denied*, 531 U.S. 910 (2000).

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*